

FILED
CLERK, U.S. DISTRICT COURT

AUG 31 2009

CENTRAL DIS...

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL CONNSERO,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES YATES, Warden, et al.,<br><br>    Defendants. | No. CV 09-6150 UA (AJW)<br><br>MEMORANDUM AND ORDER<br>TRANSFERRING CASE<br>28 U.S.C. §§ 1391, 1406 |

    Plaintiff filed an application to proceed without prepayment of the full filing fee and lodged a complaint for damages pursuant to 42 U.S.C. § 1983. For the following reasons, the case is transferred to the United States District Court for the Eastern District of California. In light of the transfer of this case, the court expresses no opinion as to whether or not plaintiff's application for leave to proceed without prepayment of the filing fee should be granted.

    A civil action in which jurisdiction is not based solely on diversity of citizenship may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district

The complaint alleges that while plaintiff was confined at Pleasant Valley State Prison ("PVSP") in Coalinga, California, his civil rights were violated by the warden, associate warden, and correctional staff members at PVSP. Plaintiff cannot bring a section 1983 action for damages against state prison officials in their official capacity in federal court. See Hafer v. Melo, 502 U.S. 21, 25, 27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 65, 71 (1989); Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.), cert. denied, 528 U.S. 816 (1999). Plaintiff may attempt to sue defendants in their individual capacity for damages under section 1983; however, the proper venue for those claims is not the Central District of California. No individual defendant resides in this district, and the events giving rise to plaintiff's claims occurred at PVSP, which is located in Fresno County in the Eastern District of California. See 28 U.S.C. § 84(b). Therefore, venue is proper in the Eastern District of California.

In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992) (per curiam), cert. denied, 507 U.S. 913 (1993). Accordingly, this case is transferred to the United States District Court for the Eastern District of California.

**IT IS SO ORDERED.**

DATED: ___Aug 31___, 2009

AUDREY B. COLLINS
United States District Judge